■ In the Matter of RANDY M. MASTRO, Appellant, v CITY OF NEW YORK et al., Respondents. [44 NYS3d 432]—

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered December 4, 2015, which denied the CPLR article 78 petition seeking to annul respondents' determination, dated July 31, 2014, upholding the decision of the Administrative Law Judge, dated April 30, 2014, which imposed a fine pursuant to a notice of violation (NOV), for failure to prevent two unnecessary and/or unwarranted fire alarms, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The NOV citing petitioner for two false fire alarms at his residence required that petitioner submit a Certificate of Correction supported by "proof of compliance" by March 14, 2007. Among other things, petitioner was required to "[s]ubmit documentation detailing cause of alarm(s) and corrective measures taken." Petitioner was also informed that "[f]irst offenders whose proof of correction is accepted by the Fire Department by such date will avoid a hearing and penalty." A week before the deadline, petitioner submitted a Certificate of Correction, attesting that he had "corrected all said violations as ordered by the Commissioner," and two supporting documents—a work order from petitioner's alarm company, indicating that petitioner "needs tech to check zone 16 basement falsing, smoke det," and a work order summary indicating that the company had "replaced Z16 smoke detector." The documents did not specifically state the cause of the two false alarms.

In a letter dated March 14, 2014, respondent Fire Department of the City of New York (FDNY) disapproved petitioner's

Certificate of Correction, explaining that he had "failed to submit a letter stating the cause of the two unnecessary alarms and what action was taken to prevent future alarms." Several weeks later, petitioner submitted a letter from the alarm company stating that the company had "replaced the battery on zone 15 smoke detector" and had also "replaced your zone 16 smoke detector," and that "[w]e believe that these steps have addressed the false alarm." Petitioner was ultimately given a reduced fine based on the conclusion that his post-deadline submissions were satisfactory. He unsuccessfully challenged the imposition of any fine administratively and in the instant article 78 proceeding.

While it was not unreasonable for petitioner to expect that his initial submission would suffice to avoid a fine, we agree with the court below that the more exacting standard applied by the FDNY did not amount to irrationality. The FDNY's action was not "without sound basis in reason" or "taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Further, FDNY's request for a "letter stating the cause of the two unnecessary alarms and what action was taken to prevent future alarms" was not, as petitioner argues, an improper post hoc engrafting of a new requirement, but an explanation of how the standard set forth in the NOV could be fulfilled. Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.